# EXHIBIT 1

ELECTRONICALLY FILED
2013 Mar 21 PM 2:38
CLERK OF COURT - CHANCERY

## IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| ANNA HEFNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | **Jury Demanded** |
| LOGICORE CORPORATION and ) | |
| LOCKHEED MARTIN CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### Verified Complaint for Damages

Comes now Plaintiff, Anna Hefner ("Ms. Hefner" or "Plaintiff") through counsel and files this lawsuit against Defendants LogiCore Corporation ("LogiCore") and Lockheed Martin Corporation ("Lockheed Martin") (LogiCore and Lockheed Martin will be referred to collectively as "Defendants") and for her cause of action would show as follows:

### Nature of the Complaint

1. This is a case for wrongful termination arising out of Defendants' retaliation against Ms. Hefner for complaining about and refusing to remain silent about Defendants' violations of the Service Contract Act ("the SCA"), 41 U.S.C. § 351, *et seq.*

2. Defendants terminated Ms. Hefner on or about October 24, 2012, in retaliation for her continued complaints about their violations of the SCA.

3. Defendants' conduct is in violation of The Tennessee Public Protection Act, T.C.A. §50-1-304, and the common law cause of action for retaliatory discharge (i.e., *Guy v. Mutual of Omaha* and its progeny).

## Parties, Jurisdiction and Venue

4. Ms. Anna Hefner is an individual resident of Munford, Tipton County, Tennessee.

5. Defendant Lockheed Martin is a defense contractor with a contract with the U.S. government for work being done for Naval Support Activity Mid-South ("the Naval Air Station"), located in Millington, Shelby County, Tennessee.

6. Defendant Lockheed Martin is a Maryland corporation licensed to do business in Tennessee. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7. Defendant LogiCore is a subcontractor employed by Lockheed Martin on its contract with the U.S. government for work being done for the Naval Air Station, located in Millington, Shelby County, Tennessee.

8. Defendant LogiCore is an Alabama corporation doing business in Tennessee, although it is not licensed with the Tennessee Secretary of State. Its registered agent for service of process is Miranda Bouldin, 3123 McDow Avenue, Huntsville, Alabama 35816.

9. Personal jurisdiction exists over Defendants in Tennessee pursuant to Tenn. Code Ann. § 20-2-214(a). Defendants have significant minimum contacts with this forum, both doing business in Tennessee, and the acts complained of in this matter were committed by Defendants in the state of Tennessee.

10. Venue is proper in this Court as Defendants may be found in this Judicial District, they conduct business here, and the facts and circumstances which give rise to the causes of action contained in this Complaint occurred in Shelby County and this Judicial District.

11. Subject matter jurisdiction is proper in this Court pursuant to Tennessee statutory law, the Tennessee Public Protection Act, T.C.A. §50-1-304, and the common law cause of

action for retaliatory discharge (i.e. *Guy v. Mutual of Omaha* and its progeny).

## Factual Background

12. Lockheed Martin has a contract with the U.S. government for work done at the Naval Air Station. LogiCore is a subcontractor working under Lockheed Martin to provide employees to perform work for the Naval Air Station. Before LogiCore took over as subcontractor for Lockheed Martin, this service was provided by another subcontractor, AAC, Inc. (hereinafter, "AAC").

13. Ms. Hefner has worked at the Naval Air Station since 1998 for various contractors/subcontractors. At the time complained of herein, she was first employed by AAC, but LogiCore took over the subcontract on or about July 1, 2012. Ms. Hefner was working for LogiCore and Lockheed Martin at the time of her wrongful discharge.

14. Ms. Hefner was a customer service representative, and her primary duty was to process personnel payroll record requests, pursuant to the Freedom of Information Act, for service personnel and the public.

15. Ms. Hefner's supervisors were Lockheed Martin employees named Cynthia Fayne and Terry Henderson. John "Buzz" Source was the Lockheed Martin on-site Project Manager in charge of the overall project.

16. In January of 2012, Ms. Hefner and other AAC employees began to discuss with each other that they believed AAC was in violation of the SCA.

17. Specifically, those alleged violations included the following:

a. AAC did not post employees' pay rate and forbade them to discuss their pay rates among themselves;

b. AAC did not properly calculate their time in service, which affected their vacation

time;

c. AAC did not code employees' job titles and occupation codes according to the work actually performed;

d. AAC did not follow the correct pay scale;

e. AAC did not pay the entire, required $3.59 fringe pay rate to employees; and,

f. AAC required employees to perform the work of civil service workers when the civil service employees did not finish their work.

18. On or about April 12, 2012, Ms. Hefner filed a written complaint with the Department of Labor, alleging that AAC and SAIC had committed and was continuing to commit these violations of the SCA.

19. At the time, LogiCore had already been announced as the successor subcontractor to AAC. Therefore, in her complaint, Ms. Hefner alleged that LogiCore and Lockheed Martin would continue to commit the same violations committed by AAC.

20. LogiCore took over as subcontractor from AAC on or about July 1, 2012.

21. After LogiCore took over as subcontractor under Lockheed Martin, it did indeed continue to carry out and to commit even more severe violations alleged by Ms. Hefner.

22. Between May and October, Ms. Hefner, Mr. Henderson, and Ms. Fayne had additional conversations about the alleged SCA violations.

23. On more than one occasion, Mr. Henderson "encouraged" Ms. Hefner to drop the subject.

24. In an "all hands meeting" with the newest LogiCore corporate Project Manager, which took place on or about October 4, 2012, Ms. Hefner asked him if the SCA was applicable to the current contract. Terry Henderson immediately stood up and told the Project Manager that

he would "handle it."

25. About two hours after the meeting, Terry Henderson threatened her that LogiCore might view her questioning about the SCA as a disruption in the workplace and terminate her.

26. On October 24, 2012, LogiCore and Lockheed Martin terminated Ms. Hefner in retaliation for making her complaints to the Department of Labor about Defendants' violations of the SCA

27. Defendants' stated reason for terminating Ms. Hefner was a mere pretext for their true reason, which was retaliation for Ms. Hefner's repeated complaints regarding Defendants' continuing violations of the SCA.

## Count I – Violation of the Tennessee Public Protection Act
### T.C.A. §50-2-103(h)

28. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 – 27 above as if actually set forth herein.

29. Defendants terminated Ms. Hefner after she filed a complaint with the Department of Labor and after she repeatedly voiced her complaints to Defendants.

30. The true reason for Plaintiff's termination was due to the fact that Plaintiff complained about and sought enforcement of her rights under the SCA.

31. There was a direct causal connection between Plaintiff's complaints and her termination.

32. As a result of the unlawful termination, Plaintiff has suffered lost wages and benefits, as well as irreparable loss of enjoyment of life, emotional pain and suffering.

33. The willful and wanton nature of Defendants' conduct, in disregard of Ms. Hefner's rights, is such that Ms. Hefner is entitled to punitive damages as a result.

34. Ms. Hefner also seeks attorneys' fees, costs and expenses of the litigation

pursuant to the Tennessee Public Protection Act, as well as interest on any judgment.

### Count II- Common Law "Whistleblower" (i.e. *Guy v. Mutual of Omaha*)

35. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 – 34 above as if actually set forth herein.

36. After Plaintiff filed a complaint with the Department of Labor and complained several times about and sought enforcement of her rights under the SCA, Defendants terminated her.

37. The true reason for Plaintiff's termination was due to the fact that Plaintiff complained about and sought enforcement of her rights under the SCA.

38. There was a direct causal connection between Plaintiff's complaint and her termination.

39. Tennessee common law (i.e. *Guy v. Mutual of Omaha* and its progeny) provides for recovery by plaintiffs such as Ms. Hefner who protest violations of public policy and suffer adverse employment actions in retaliation thereof.

40. As a result of the unlawful termination, Plaintiff has suffered lost wages and benefits, as well as irreparable loss of enjoyment of life, emotional pain and suffering.

41. The willful and wanton nature of Defendants' conduct, in disregard of Ms. Hefner's rights, is such that Ms. Hefner is entitled to punitive damages as a result.

### WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. That Defendants be served with this Complaint and compelled to Answer within the time proscribed;

2. That this Court find that Defendants unlawfully terminated Ms. Hefner in violation of Tenn. Code Ann. § 50-2-103(h) and the common law protection against retaliatory

discharge;

3. That this Court award to Ms. Hefner, in lieu of reinstatement, front pay and benefits until such time as she finds comparable employment;

4. That this Court award Ms. Hefner all wages and other benefits, including back pay and damages, to fully compensate her for loss of earnings and fringe benefits, plus pre-judgment interest, which she would have received but for the discriminatory treatment by Defendants, up to the date she acquired similar employment;

5. That this Court award Ms. Hefner compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and embarrassment, and other non-pecuniary losses she has suffered as a result of Defendants' retaliation;

6. That this Court award Plaintiff costs and reasonable attorney's fees in this cause of action; and

7. That this Court award Plaintiff any and all such other and further relief, both general and specific, as may be deemed just and proper.

**Plaintiff Demands A Jury To Try The Issues When Joined.**

## DECLARATION AND VERIFICATION

STATE OF TENNESSEE )
)
COUNTY OF SHELBY )

I, Ms. Anna Hefner, verify, declare, and swear under penalty of perjury that the facts stated in the foregoing Verified Complaint for Damages are to the best of my knowledge and belief true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Ms. Anna Hefner

Date: March 21, 2013

Sworn to and subscribed before me this 21st day of March, 2013.

_____
Notary Public

My commission expires:

02-15-16

Date: March 21, 2013

Respectfully submitted,

CRONE & McEVOY, PLC

_____
Alan G. Crone, TN Bar No. 014285
5583 Murray Road, Suite 120
Memphis, TN 38119
901.737.7740 (voice)
901.737.7558 (fax)
acrone@thecmfirm.com (email)
*Attorneys for Plaintiff*

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2013 Mar 27 PM 12:45
CLERK OF COURT - CHANCERY

## SUMMONS IN CIVIL ACTION

Docket No. CH-13-0425

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| ANNA HEFNER | VS | LOGICORE CORPORATION & LOCKHEED MARTIN CORPORATION |

TO: (Name and Address of Defendant (One defendant per summons))

Lockheed Martin Corporation
c/o Registered Agent
Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312

Method of Service:
☒ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Mr. Alan G. Crone, Crone & McEvoy, PLC Plaintiff's attorney, whose address is 5583 Murray Rd., Ste. 120, Memphis, TN 38119, telephone +1 (901) 737-7740 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED _____  By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk ...